OPINION
{¶ 1} Defendant-appellant Jerry A. Frazier appeals from his conviction and sentence for Theft by Deception in an amount equaling or exceeding $500. Frazier's *Page 2 
assigned appellate counsel has filed a brief under the authorityof Anders v. California (1967), 386 U.S. 738, reflecting his inability to find any potential assignments of error having arguable merit.
 {¶ 2} By order filed herein on January 9, 2008, we afforded Frazier an opportunity to file his own, pro se brief. He has not done so.
 {¶ 3} Noting that we did not have a transcript of the voir dire of the prospective jurors, and that we needed that transcript to perform our duty, under Anders, to conduct an independent review of the record, we ordered the preparation and filing of a transcript of the jury voir dire, in an entry filed April 18, 2008. That transcript has since been prepared and filed.
 {¶ 4} We have now reviewed the entire record, and we agree with Frazier's appellate counsel that there are no potential assignments of error having arguable merit.
 {¶ 5} Frazier was employed as a kitchen worker by the Sycamore Creek Country Club. As a result of the Club's normal seasonal lessened employment requirements, Frazier was laid off for three weeks at the beginning of January, 2006. He applied for, and began receiving, unemployment benefits during this time.
 {¶ 6} Frazier resumed his employment at the Club in late January, 2006, but continued to apply for, and obtain, unemployment compensation benefits until May 20, 2006. On nine occasions, he responded negatively to the question whether he was employed part-time or full-time, when applying for benefits. One of these occasions involved a personal telephone conversation with Barbara Northup, an employee of the Ohio Department of Job and Family Services, Unemployment Compensation Division. The others involved Frazier's responding to an automated telephone system. *Page 3 
 {¶ 7} During the weeks when Frazier was receiving unemployment compensation although he was employed at the Sycamore Creek Country Club, he was earning too much money to be eligible for unemployment compensation benefits, even though he was employed less than forty hours a week for all but one of those weeks.
 {¶ 8} Frazier was contacted by Julie Beeching, a fraud investigator for the Unemployment Compensation Division of the Department of Job and Family Services. Frazier met with Beeching, at her request. He gave a statement that Beeching reduced to writing, and Frazier signed as "true." That statement, in its entirety, is as follows:
 {¶ 9} "I worked for Sycamore Creek Country Club. I did work for Sycamore Creek Country Club during weeks ending 1/28/06 through May 20, 2006. I drew $170 per week in unemployment benefits in this period, minus my child support.
 {¶ 10} "I did not report my earnings because I was not working full time. I am-was a full time employee with reduced hours. The filing system is very confusing over the phone. I thought it said full time employment.
 {¶ 11} "I now realize I was not eligible while working."
 {¶ 12} Frazier was charged by indictment upon one count of Theft by Deception, in an amount equaling or exceeding $500. He was tried to a jury. Although Frazier did not testify in his defense, and did not present any witnesses in his defense, his trial attorney acknowledged that Frazier was not entitled to the unemployment compensation benefits he received, but argued that Frazier did not intend to deceive the Department, because he did not understand that he was required to report that he was employed part time.
 {¶ 13} The jury was properly instructed concerning the elements of Theft by *Page 4 
Deception. The jury returned a unanimous verdict finding Frazier guilty as charged. Frazier was sentenced to community control sanctions, and was ordered to pay restitution in the amount of $2,890, which his trial attorney had conceded was the amount of money that Frazier owed the Department.
 {¶ 14} In our review of the entire record of the proceedings in the trial court, we have found only one instance where it appears that the trial court may have committed an error. When Beeching, the fraud investigator for the Department, was asked whether there was "any other way that you can begin a fraud investigation with the Ohio Department of Job and Family Services," she responded "Well, like in this case, the employer called and said that he was getting paid twice. Once by unemployment and once by a salary." Frazier's trial attorney moved to strike "what the employer said." This motion was overruled.
 {¶ 15} The trial court's ruling would appear to be erroneous, since Beeching's reference to the employer's statement seems to constitute hearsay. Nevertheless, we conclude that there is no possibility that the admission of this evidence can have prejudiced Frazier. The import of the testimony — that Frazier was paid unemployment benefits while receiving a salary at the Sycamore Creek Country Club — was not in dispute. Frazier conceded this in his written statement to Beeching, and Frazier's trial attorney conceded this fact at trial The only issue in dispute was whether Frazier possessed the intent to deceive the Department, to which the objectionable hearsay is not material.
 {¶ 16} In short, we have found no potential assignments of error having arguable merit, and conclude that this appeal is wholly frivolous. Accordingly, the judgment of the *Page 5 
trial court is Affirmed.
 BROGAN and GRADY, JJ., concur. *Page 1